UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FENNELL GOODMAN, III, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 08-2163 (RWR) |
| ) | |
| STANLEY WALDREN, Warden, et al., ) | |
| ) | |
| Respondents. ) | |

### MEMORANDUM OPINION

Petitioner Fennell Goodman, III, a prisoner, filed this pro se petition for a writ of habeas corpus, and respondents have filed an opposition. This Court issued an Order advising Goodman that if he did not respond on or before November 6, 2009, the petition could be dismissed as conceded. *See* Order (Oct. 1, 2009). Goodman has neither filed a response nor sought additional time to do so.[1] Because Goodman has not demonstrated that his confinement is contrary to law, the petition will be dismissed.

Goodman was sentenced by the Superior Court for the District of Columbia to serve 7 to 21 years in prison. *See* A Writ of Habeas Corpus Pursuant to [28] U.S.C. § 2241 ("Pet.") at 1; United States Parole Commission's Opposition to Petition for Writ of Habeas Corpus ("Opp'n"), Ex. B ("Judgment and Commitment/Probation Order"). Liberally construed, the petition alleges that Goodman's detention was contrary to law and a violation of the separation of powers

---

[1] The Federal Bureau of Prisons public website, www.bop.gov, discloses that Goodman was released from custody on July 26, 2009. Goodman has not filed a notice of change of address with the Clerk of Court, as is required by Local Civil Rule 11.1 (requiring notice of a change of address within 10 days of the change). Because his habeas challenge is to the calculation of his full term expiration date, the petition was not rendered moot by his release.

principle because the time he spent on parole was, upon revocation of his parole, not treated as days in custody toward fulfilling his sentence of imprisonment.  *See* Pet. at 6-17.  The respondents contend that not counting days on parole as days in confinement for purposes of fulfilling a sentence of imprisonment is in accordance with the law, and does not offend the constitution's design for the separation of powers.  *See* Opp'n at 5-9.

It has been settled for several years that under District of Columbia law, the time a prisoner spends on parole, so-called street time, does not count toward service of a sentence of confinement if the parole terminates as a result of being revoked.  *See* D.C. Code § 24-406(a) (2001 & Supp. 2009) (providing that if parole is revoked, "the prisoner . . . shall serve the remainder of the sentence originally imposed less any commutation for good conduct which may be earned by him after his return to custody");[2] *United States Parole Commission v. Noble*, 711 A.2d 85 (D.C. 1998) (en banc) (*adopting opinion in United States Parole Comm'n v. Noble,* 693 A.2d 1084 (D.C. 1997)) and stating that the "time that the person spent on parole before revocation cannot be credited against his sentence . . . .").  Goodman's parole was revoked at least five times.  *See* Pet. at 4 (listing five instances of revocation); *cf.* Opp'n at 2-5 (identifying six distinct parole revocations).  Consistent with the law, each time Goodman's parole was revoked, the time he had spent on parole was not counted as time toward fulfilling his term of imprisonment, and his full term expiration date was recalculated each time.  *See* Opp'n at 2-5.  Under District of Columbia law, the time spent on parole that terminates upon its revocation interrupts, but does not alter or enlarge, the service of the term of imprisonment.  D.C. Code

---

[2]  The statute was amended in May 2009, but the amendment applies "only to any period of parole that is being served on or after May [20], 2009."  D.C. Code § 24-406(d).

§ 24-406(a).  Goodman's sentence to imprisonment was not extended or enlarged by the parole authority; it was merely interrupted at various points to allow for parole but restarted when parole proved unsuccessful.  Because the number of days of confinement imposed by the sentencing court has not been altered or increased, there has been no violation of the separation of powers principle.

Goodman also argues that because both days spent on parole and days spent in confinement are days spent in "legal custody," they are equivalents that should be treated as such.  *See* Pet. at 6-9.  As noted above, this argument lacks a basis in law.  It also lacks a basis in reason.  The concept of legal custody is a category that encompasses various degrees of restraint; the fact that confinement in prison and parole are both conditions that involve being in the legal custody of the sovereign does not make imprisonment and parole equivalents for all purposes.  The sentencing court did not impose a term of years in legal custody, but imposed a term of "imprisonment for the period imposed[, 7 to 21 years]."  Opp'n, Ex. B.

Because Goodman has not shown that the duration of his confinement is contrary to law and has not offered any rebuttal to the respondents' creditable arguments, the petition will be dismissed.  A separate order accompanies this memorandum opinion.

Date:  December 10, 2009

/s/
REGGIE B. WALTON
United States District Judge